IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LARRY JAMES BLAYLOCK  # 46425-080**  **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 3:15cv112-TSL-RHW**

**WARDEN BONITA MOSLEY** **DEFENDANT**

REPORT AND RECOMMENDATION

Before the Court are [1] Plaintiff's February 19, 2015 petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 and [11] Defendant's May 11, 2015 response to the petition. Plaintiff alleges the Bureau of Prisons (BOP) has failed to credit him with time spent in federal and U.S. Marshal's custody.  Defendant responds that Petitioner received credit against his state court sentence for the time in question and is not entitled to have that same time credited against his federal sentence.  Having considered the pleadings, submissions of the parties and applicable law, the undersigned is of the opinion that the Petition should be denied.

Procedural History and Facts

On January 29, 1992, Larry James Blaylock was arrested by local authorities in Midland County, Texas on a number of charges[1] including a probation violation in Texas state court case CRA-17,533.  Texas authorities revoked Blaylock's probation on March 10, 1992, and he was sentenced to serve the remainder of the sentence previously imposed in that case.  [11-3, p. 3], [11-4]  While he was in state custody, Blaylock was indicted on September 10, 1992 in *USA v. Blaylock*, Case 7:92cr00069-RAJ-1 in the U.S. District Court for the Western District of Texas on charges of possession of a firearm by a convicted felon.  [11-6, pp. 2-7]

---

[1] Charges included aggravated robbery for which he was prosecuted by the State of Texas and received a 40-year prison sentence, as well as possession of a firearm by a convicted felon for which he was prosecuted in Federal Court.

The same day the federal indictment was filed, the Government filed a petition for, and the District Court issued, a writ of *habeas corpus ad prosequendum* for Blaylock, whose initial appearance and arraignment were held in the District Court on September 18, 1992.  [2, p. 23], [11-6, p. 4], [11-2, ¶ 5]  On October 21, 1992, Blaylock entered a guilty plea to one count of the indictment,[2] and on December 7, 1992, the District Court sentenced him to serve 63 months in custody of the U.S. Bureau of Prisons (BOP), the sentence "to run consecutive to the sentence imposed in the 142nd District Court, Midland County, Texas, on March 4, 1991, Cause No. CRA 17,533." [2, p. 18], [11-6, p. 6], [11-2]   Following the federal sentencing, Blaylock was returned to Texas state custody, with a federal detainer lodged against him.

On December 17, 1992, Blaylock was sentenced by the State of Texas to serve a sentence of 40 years for aggravated robbery (CRA-18,516).  On April 8, 1993, he was sentenced by the State of Texas sentenced to serve five years for possession of a controlled substance "cocaine" (CRA-18,419), and five years for criminal mischief (CRA-19,243).  [11-3, p. 2] These three sentences were to run concurrently with one other and concurrently with Blaylock's probation revocation sentence in CRA 17,533.  [11-2]  Blaylock received credit against his 40-year state term for all jail time beginning with the date of his arrest on January 29, 1992.  [11-2], [11-3, p. 2] He was paroled by the State of Texas on July 31, 2012, and released to the federal detainer to begin serving his federal sentence.  [11-2], [11-3, p. 1]  Blaylock is currently confined at the Federal Correctional Complex (FCC)-Medium located in Yazoo City, Mississippi, where Bonita Mosley is Warden.  His projected release date is February 25, 2017.

---

[2]The Government dismissed the other two counts following Blaylock's sentencing on December 7, 1992.

Law and Analysis

Computing federal sentences is the responsibility of the United States Attorney General, who has delegated that authority to the Federal Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 331-335 (1992). As the Court stated in *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003):

> The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. A federal sentence begins to run on the date that a "defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which sentence is to be served." A defendant is to be given credit toward his term of federal imprisonment for any time he spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence."

(footnotes omitted).

Computation of Blaylock's sentence requires a determination of (1) when his federal sentence commenced, and (2) the extent to which he may receive credit for time spent in custody prior to commencement of the sentence. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd* 100 F.3d 946 (3rd Cir. 1996); *United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993). The earliest a sentence can commence is the day that it is pronounced. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). Blaylock's sentence was undeniably pronounced on December 7, 1992. However, by statute, a federal prison sentence begins the day the defendant "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 28 U.S.C. §3585(a). The statute further provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

>> (1) as a result of the offence for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offence for which the sentence was imposed;
> **that has not been credited against another sentence**.

28 U.S.C. §3585(b) (emphasis added). The Supreme Court has explained that when Congress enacted this statute it "made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337 (1992). In accordance with the statute, BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign."

Blaylock contends he was in federal custody and is entitled to have credited against his federal sentence all time from the date of his federal indictment, September 10, 1992, through his December 7, 1992 federal sentencing and "up through to [his] release date of March 10, 1993 by the U.S. Marshals back to the State to be sentenced by the State," and that were he given such credit, he would be entitled to "immediate release" from confinement. [1, p. 5] In accordance with the above statute, Blaylock is not entitled to credit against his federal sentence for any time which was credited against his state sentence. *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586-87 (5th Cir. 1998); *Vignera v. Attorney General*, 455 F.2d 637, 638 (5th Cir. 1972); *Aguilar v. Peterson*, No. 04-6376, 2006 WL 497719, at *1 (10th Cir. Mar. 2, 2006) ( petitioner's sentence did not begin to run until he was returned to federal custody to begin serving his federal sentence and he was properly denied credit for time served in state prison on state court conviction).

There can be no dispute that the State of Texas had primary jurisdiction over Blaylock from and after his arrest by Texas authorities on January 29, 1992, or that he was still in state custody when he was indicted on the federal firearms charge in September of that year. The

docket in his federal criminal case plainly shows that upon filing of the federal indictment, the U.S. District Court for the Western District of Texas issued a writ of *habeas corpus ad prosequendum* to have Blaylock brought before that court for prosecution on the felon in possession of a firearm charge. A prisoner appearing in federal court for arraignment or sentencing under federal writs of *habeas corpus ad prosequendum* "is not entitled to have this time credited toward his federal sentence." *See*, *Howard v. United States*, 420 F.2d 478, 480 (5th Cir. 1970); *see also Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971).

> The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately. *Bullock v. State of Mississippi*, 404 F.2d 75 (5th Cir. 1968); *Zerbst v. McPike*, 97 F.2d 253 (5th Cir. 1938). A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. *United States v. Kipp*, 232 F.2d 147 (7th Cir. 1956); *Zerbst*, supra.

*Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). As established by the records before this Court, Blaylock was in custody of the State of Texas from the time of his arrest until Texas paroled him on July 31, 2012. Nothing has been presented to indicate that Texas relinquished its primary jurisdiction until July 31, 2012 when it released Blaylock to federal authorities to begin serving his federal sentence. The undersigned is therefore of the opinion that the BOP has correctly calculated Blaylock's sentence.

## RECOMMENDATION

Upon due consideration of the Petition, pleadings on file, and the relevant legal authority, the undersigned recommends that Petitioner's 28 U.S.C. § 2241 habeas corpus petition be **DENIED.**

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he/she objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 24th day of August, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE